IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNIQUE MICA GREEN, | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | |
| AMERIHOME MORTGAGE COMPANY, | § | |
| LLC AND CENLAR FSB | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332, 1446 and LOCAL RULE 81, Defendants AmeriHome Mortgage Company, LLC ("AmeriHome") and Cenlar FSB ("Cenlar") (collectively, the "Defendants") remove Cause No. 2020-00236, *Unique Mica Green v. AmeriHome Mortgage Company, LLC, et al.* from the 334th Judicial District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

## I.
## INTRODUCTION

Plaintiff Unique Mica Green ("Green") filed her Original Petition, Application for Temporary Restraining Order and Temporary Injunction (the "Petition") in state court on January 3, 2020.[1/] The subject of the lawsuit is real property located at 1818 Thistlecreek Court, Fresno, Texas 77545 (the "Property"), which AmeriHome had posted for a non-judicial foreclosure sale on January 7, 2020.[2/]   Green seeks unspecified actual and exemplary damages from Defendants in connection with the noticed foreclosure, as well as equitable relief restraining Defendants from foreclosing the Property and declaring any interests Defendants claim in the Property void.[3/]

---

[1/]   *See* **Exhibit A-2:** Petition.

[2/]   *See id.* at ¶1.

[3/]   *See id.* at ¶¶34, 40 & 41.

## II.
## TIMELINESS AND CONSENT TO REMOVAL

Green filed her Petition in state court on January 3, 2020 and Defendants were served with process by certified mail on January 8, 2020. Accordingly, this Notice of Removal is timely filed within thirty (30) days of service of the Petition and citation, as is required by 28 U.S.C. §1446(b)(1). *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

AmeriHome and Cenlar are the only defendants in this action and, therefore, all named defendants have consented to and joined in this removal. *See* 28 U.S.C. §1446(b)(2)(A).

## III.
## VENUE IS APPROPRIATE

Venue is proper in the U.S. District Court for the Southern District of Texas, Houston Division, because this district and division includes Harris County, Texas—the location of the pending state court action. *See* 28 U.S.C. §124(b)(2)(stating that the Houston Division of the Southern District includes Harris County).

## IV.
## PROCEDURAL REQUIREMENTS

Pursuant to 28 U.S.C. §1446(a) and LOCAL RULE 81, copies of all executed process, pleadings asserting causes of action and the answers thereto, orders signed by the state judge and the docket sheet in the state court action, as well as an index of matters being filed and a list of all counsel of record, are attached to this Notice of Removal.  Defendants also are filing a copy of the Notice of Removal with the Harris County 334th Judicial District Court, pursuant to 28 U.S.C.

§1446(d).  No party has requested a jury trial.

# V.
## BASES FOR FEDERAL SUBJECT MATTER JURISDICTION

**A.      Diversity Jurisdiction.**

Under 28 U.S.C. § 1332(a), diversity jurisdiction exists when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 355 (5th Cir. 2017).  "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (internal citations omitted).  Both statutory prerequisites for diversity jurisdiction are clearly present here.

**1.      Complete Diversity Exists.**

Green is a citizen and resident of Harris County, Texas, residing at 1818 Thistlecreek Court, Fresno, Texas 77545.[4/] Because Green is domiciled in Texas, she is a citizen of this state for diversity purposes.  *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 767-68 (5th Cir. 2015).

AmeriHome is Delaware limited liability company.  The citizenship of a limited liability company is "determined by the citizenship of all of its members."  *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014).  The sole member of Amerihome Mortgage, LLC is Aris Mortgage Holding Company, LLC, which is also a Delaware limited liability company. The sole member of Aris Mortgage Holding Company, LLC is in turn A-A Mortgage Opportunities, LP, a Delaware limited partnership.  A limited partnership is a

---

[4/]     *See id.* at ¶5. Plaintiff's signature block identifies a different address which also is located in Texas.  *See id.* at p. 11 (listing address as "4630 Perry Street, Houston, Texas 77021.").

"citizen of any state in which any of its partners is a citizen." *Ellison Steel, Inc. v. Greystar Constr. LP*, 199 F. App'x 324, 327 n.3 (5th Cir. 2006).   None of A-A Mortgage Opportunities, LP's partners is a citizen of Texas.   Therefore, AmeriHome Mortgage, LLC is not a citizen of the State of Texas for diversity purposes.

Cenlar is federal savings bank with its home office in Ewing, New Jersey. A federal savings bank is a citizen of the State in which it has its home office. 12 U.S.C. § 1464(x); *see also Branum v. Aurora Bank, FSB*, No. 4:12–CV–447, 2013 WL 26700, at *2 (E.D. Tex. Jan. 2, 2013). Accordingly, Cenlar is a citizen of New Jersey for diversity purposes.

Because no properly joined defendant is a citizen of the same state as Green, complete diversity of citizenship exists in this case.

### 2.      The Amount in Controversy Exceeds $75,000.00.

A court may determine that removal was proper if it is facially apparent from the complaint that plaintiff's claims are likely to be above the jurisdictional amount. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993).   When a plaintiff does not allege an amount of damages, the removing defendant "must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Chavez v. State Farm Lloyds*, 746 F. App'x 337, 341 (5th Cir. 2018) (internal quotations omitted).

Green's Petition does not allege a specific amount of damages.   Rather, she seeks temporary and permanent injunctive relief precluding Defendants from foreclosing, selling or taking any other actions with respect to the Property, and declaring the Deed of Trust lien that she granted to secure her purchase of the Property void. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object

of the litigation." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Com'n*, 432 U.S. 333, 347 (1977)).

The fair market value of the Property that Green seeks to prevent Defendants from foreclosing, according to the most recent appraisal by the Fort Bend Central Appraisal District, is at least $226,680.00.[5/]  It is therefore beyond dispute that the amount in controversy in this case exceeds $75,000.00.

## CONCLUSION

Having satisfied the requirements for removal under 28 U.S.C. §§ 1332, 1446 and LOCAL RULE 81, AmeriHome and Cenlar give notice that Cause No. 2020-00236, now pending in the 334th Judicial District Court, Harris County, Texas, has been removed to this Court.

Respectfully submitted,

By:    /s/ Joshua A. Huber
      Joshua A. Huber
      Attorney-in-Charge
      State Bar No. 24065457
      SD Tex. Bar No. 1001404
      Zachary Wyatte
      Texas Bar No. 20110556
      SD Tex. Bar No. 3350752
      BLANK ROME LLP
      717 Texas Avenue, Suite 1400
      Houston, Texas 77002
      (713) 228-6601

---

[5/] *See* Fort Bend Central Appraisal District Summary attached as **Exhibit A-8**.  It is appropriate for the court to take judicial notice of the Fort Bend Central Appraisal District Summary because it is a public record and the information it provides is readily ascertainable and the source—the Fort Bend Central Appraisal District—cannot reasonably be questioned. FED. R. EVID. 201(b)(2), 803(8); *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

Additionally, the Deed of Trust, which is attached as **Exhibit A-10**, which is publicly recorded in the Official Records of Fort Bend County at Instrument No. 2018069727, and, therefore, is a matter of public record of which the Court may take judicial notice.  The face amount of the lien that Plaintiff asks the Court to void is $237,616.00. *See, e.g., Sam v. Wells Fargo Bank, N.A.*, No. 4:15-cv-03194, 2016 U.S. Dist. LEXIS 73028, at *17 n.9 (S.D. Tex. 2016) (taking judicial notice of available public records in connection with state court removal).

(713) 228-6605 (fax)
jhuber@blankrome.com
zwyatte@blankrome.com

ATTORNEY FOR DEFENDANTS AMERIHOME
MORTGAGE COMPANY, LLC AND CENLAR FSB

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2020, a true and correct copy of the foregoing and/or attached instrument was served on Plaintiff as indicated below:

***Via Regular Mail and***
***CM/RRR # 70071490000022280853***
Unique Mica Green
4630 Perry Street
Houston, Texas 77021

*/s/   Joshua A. Huber*
Joshua A. Huber