United States District Court
Southern District of Texas
**ENTERED**
May 01, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNIQUE MICA GREEN, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-20-153 |
| § | |
| AMERIHOME MORTGAGE CO., LLC and § | |
| CENLAR FSB § | |
| § | |
| Defendants. § | |

**FINAL JUDGMENT**

This case is about the foreclosure of Unique Mica Green's residential mortgage. This court has reviewed U.S. Magistrate Judge Christina A. Bryan's Memorandum and Recommendations on the defendants' motion to dismiss, as well as Green's objections and original petition, the record, and the applicable law. Based on its *de novo* review, this court adopts Judge Bryan's recommended disposition and dismisses the case with prejudice. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

In the Memorandum and Recommendations, Judge Bryan analyzed Green's claims against the defendants for violations of the Texas Property Code, to quiet title, and for fraud in violation of the Texas Civil Practice and Remedies Code. (Docket Entry No. 1-3; Docket Entry No. 9). Judge Bryan recommends that the defendants' motion to dismiss be granted and the case be dismissed with prejudice, finding that amendment would be futile. Green has not responded to the motion to dismiss or requested leave to amend her petition.

This court finds that the record and governing law support Judge Bryan's conclusions that Green failed to state a claim upon which relief can be granted and that dismissal with prejudice is

appropriate. *See* FED. R. CIV. P. 12(b)(6). As Judge Bryan's Memorandum explains, Green's Texas Property Code claim fails because Green failed to allege that a foreclosure sale occurred,[1] and the quiet title claim rests on theories rejected by Texas state and federal courts. (Docket Entry No. 9 at 3–5). The fraud claim fails because, among other reasons, Green lacks standing to contest the assignment of the deed of trust as fraudulent. (*Id.* at 6–7). Finally, Green's claims for injunctive and declaratory relief fall with the meritless causes of action on which they are premised. (*Id.* at 7).

On April 28, 2020, Green objected to the Memorandum and Recommendations. Green claims that she "never received any notification" that she had to file any response, that the defendants "have not served [her with] anything," and that she has been quarantined at home for weeks under a doctor's order after testing positive for COVID-19. (Docket Entry No. 10). Without elaborating, she challenges the Memorandum and Recommendations "for lack of truth and lack of service." *Id.*

Green did not address the Memorandum's substance or provide an adequate ground to avoid dismissal. The defendants moved to dismiss on January 29, 2020, well before the quarantine, and the certificate of service states that the motion was served on Green the same day by regular mail as well as certified mail with return receipt requested. (Docket Entry No. 4 at 11). The February 7 joint discovery and case management plan, which Green signed, mentions the motion to dismiss and states that Green conferred with defense counsel by telephone and email on February 7. (Docket Entry No. 6 at 1, 7). And Green's April 28 objections show that she was

---

[1] The motion to dismiss alleges that a foreclosure sale scheduled for January 7, 2020, did not go forward because Green obtained a temporary restraining order in state court before the case was removed to this court. (Docket Entry No. 4 at 1). If Green decides to challenge a subsequent foreclosure attempt, she can do so in a new lawsuit.

aware of the Memorandum and Recommendations but chose not to respond to the arguments in support of dismissal.

Because Green passed on many opportunities to rebut the motion to dismiss—or at least request an extension of time or move for leave to amend her petition—and because Judge Bryan identified fatal flaws on the merits of Green's petition, this court is prepared to rule. The Memorandum and Recommendations, (Docket Entry No. 9), are adopted, and the defendants' motion to dismiss, (Docket Entry No. 4), is granted. This case is dismissed with prejudice and the parties will bear their respective costs. This is a final judgment.

SIGNED on May 1, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge